UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER SCOTT REEDER,<br><br>Petitioner,<br>v.<br><br>NATHANJAH BREITENBACH, et al.,<br><br>Respondents. | Case No. 3:24-cv-00220-ART-CLB<br><br>ORDER |

Petitioner Christopher Scott Reeder has filed a *pro se* 28 U.S.C. § 2254 habeas petition and a motion for leave to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 1-1.) The Court finds good cause exists to grant the motion to proceed IFP; however, after conducting an initial review of the petition under the Rules Governing Section 2254 Cases, this Court dismisses the petition.

I.   **BACKGROUND**[1]

Reeder challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Christopher Reeder*, Case No. C-18-329277-1. On May 1, 2020, the state court entered a judgment of conviction, pursuant to a jury trial, for two counts of sexual assault with a minor under fourteen years of age and two counts of lewdness with a child under fourteen years of age. Reeder was sentenced to an aggregate term of life in prison with parole eligibility after 70 years. Reeder appealed, and the Nevada Court of Appeals affirmed on May 25, 2021. Remittitur issued on June 21, 2021.

On May 26, 2022, Reeder filed a state petition for writ of habeas corpus. *Christopher Reeder v. State of Nevada*, Case No. A-22-853209-W. The state court

---

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which may be accessed at https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1

1  denied the petition on November 16, 2022. On June 13, 2023, the Nevada Court
2  of Appeals affirmed the denial.

3  Reeder transmitted a *pro se* 28 U.S.C. § 2254 habeas petition to this Court
4  on or about June 20, 2023. That case was assigned case number 3:23-cv-00290-
5  ART-CSD. This Court screened that petition and appointed counsel to represent
6  Reeder. Reeder's counsel filed first- and second-amended petitions on December
7  1, 2023, and March 22, 2024, respectively.

8  Reeder filed his instant petition on May 23, 2024. (ECF No. 1-1.)

## II.   DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Because Reeder's petition in this case challenges the same judgment of conviction that he challenges in case number 3:23-cv-00290-ART-CSD, the petition in this case serves no legitimate purpose. Any claims Reeder wishes to pursue regarding his judgment of conviction entered in Eighth Judicial District Court case number C-18-329277-1 must be asserted, if at all, in case number 3:23-cv-00290-ART-CSD.[2]

//

---

[2]This Court makes no representation that any claims Reeder might seek to add to his currently pending second-amended petition in case number 3:23-cv-00290-ART-CSD would be timely or that leave to amend would be granted in that case. This Court only holds that, to the extent Reeder wishes to pursue the claims in this petition, they may be pursued only in the petition he has already filed and that is currently pending.

### III. CONCLUSION

It is therefore ordered that the application for leave to proceed IFP (ECF No. 1) is granted.

It is further ordered that this action is dismissed without prejudice. A certificate of appealability is denied because jurists of reason would not find the dismissal of this petition to be debatable or wrong.

It is further ordered that the Clerk of the Court (1) file the petition (ECF No. 1-1), (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents, (3) informally serve Respondents by sending a notice of electronic filing to the Nevada Attorney General's office of the petition (ECF No. 1-1), this Order, and all other filings in this matter by regenerating the notices of electronic filing,[3] (4) enter final judgment dismissing this action without prejudice, and (5) close this case.

Dated this 4th day of September 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[3] No response is required from respondents other than to respond to any orders of a reviewing court.